Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

6:13-CV-1399-ORL-22GJK

| United States District Court | District | Middle District of Florida-Orlando |
|---|---|---|

| Name (under which you were convicted): Robert J. Harnois | Docket or Case No.: 6:11cr-115-Orl-35GJK |
|---|---|

| Place of Confinement: FCI Petersburg Medium | Prisoner No.: 54520-018 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | Robert J. Harnois |

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court
    Middle District of Florida-Orlando Division

    (b) Criminal docket or case number (if you know):  6:11cr-115-Orl-35GJK

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:  12/1/2011

3.  Length of sentence:  327 months

4.  Nature of crime (all counts):

    Pled guilty to one count of distribution of child pornography and one count of possession of child pornography.

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ☐          (2)  Guilty ☑          (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐

**FILED**

9/10/13

Date                                              Time

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8.  Did you appeal from the judgment of conviction?  Yes ☑  No ☐

9.  If you did appeal, answer the following:

(a) Name of court:  Eleventh Circuit, Court of Appeals

(b) Docket or case number (if you know):  11-15966

(c) Result:  Government's Motion to Dismiss was granted.

(d) Date of result (if you know):  9/14/2012

(e) Citation to the case (if you know):

(f) Grounds raised:

1. The Appellant received ineffective assistance of counsel during the period leading up to, and including his plea.

2. The sentence should be vacated and Harnois resentenced because the five-level enhancement under U.S.S.G. § 2G2.2 (b)(5) for "pattern of activity" did not apply where the prior Florida conviction did not constitute "sexual act" as required by controlling guidelines commentary and federal statutes.

(g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:      Yes ❑   No ❑

    (2) Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:

See attached Appendix A.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

   Ineffective assistance of appellate counsel.

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

See attached Appendix A.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☑   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

See attached Appendix A.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

See attached Appendix A.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☑ No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐ No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐  No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:
Steven J. Langs  Suite 300 201 S. Orange Avenue Orlando, FL 32801
(c) At trial:

(d) At sentencing:
Steven J. Langs Suite 300 201 S. Orange Avenue Orlando, FL 32801

(e) On appeal:

Derek B. Brett, Esq. The Tate Firm, 1301 West Colonial Drive Orlando, FL 32804

(f) In any post-conviction proceeding:

Counsel: Marcia G. Shein Local Counsel: Thomas D. Sommerville

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**Attorney on behalf of defendant signed petition. Petitioner's signature will follow on seperate page.**

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. §2255

## Appendix A

### GROUND ONE

**COUNSEL WAS INEFFECTIVE IN ADVISING PETITIONER TO ENTER THE PLEA IN LIGHT OF HIS VALID SUPPRESSION MOTION AND NOT ADVISING PETITIONER THAT HE COULD ENTER A CONDITIONAL PLEA RESERVING HIS RIGHT TO APPEAL ANY ADVERSE SUPPRESSION ISSUE.**

(a.) Supporting Facts:

While the government, without a warrant, seized Petitioner's home and work computer on the day of his arrest –April 7, 2011 – it failed to obtain a search warrant to search the home computer until 26 days later – May 3, 2011. Evidence from the search of this computer was used to help build the case against Petitioner and to convince him to enter the guilty plea. (R:40). This evidence, however, would have been suppressed had Petitioner's counsel pursued the motion to suppress and counsel failed to adequately advise Petitioner regarding this suppression motion and the effect that it would have had on the case. Counsel also failed to advise Petitioner that he could enter a conditional plea and preserve his right to appeal any adverse decision on the suppression motion. Had Petitioner properly been advised he would not have entered the plea and, therefore, Petitioner was deprived of effective assistance of counsel.

## GROUND TWO

**COUNSEL WAS INEFFECTIVE AT SENTENCING IN FAILING TO OBJECT TO THE 5-LEVEL ENHANCEMENT BASED ON IRRELEVANT CONDUCT.**

(a.) Supporting Facts:

The charges against Petitioner involved possession and distribution of child pornography – these are very different charges than alleged uncharged sexual molestation. Despite this, counsel allowed the government to introduce evidence related to alleged bad acts involving improper touching and alleged molestation of minors not related to the offender and critical anytime of the offense. The irrelevant and prejudicial testimony was unsworn and untested by a vigorous cross examination. (R:101, pp. 6-17). This was deficient performance and it harmed Petitioner as this evidence clearly made an impact in the judge's sentencing decision.

## GROUND THREE

**COUNSEL WAS INEFFECTIVE AT SENTENCING IN FAILING TO OBJECT TO THE DUE PROCESS VIOLATION AS A RESULT OF THE FIVE-LEVEL ENHANCEMENT OF PETITIONER'S SENTENCE BASED UPON UNPROVEN ALLEGED CONDUCT**

(a.) Supporting Facts:

Even assuming *arguendo* that Petitioner's sentence could be enhanced by irrelevant and unrelated alleged criminal conduct, the introduction of this alleged conduct is still constrained by Petitioner's right to due process. Here, counsel was ineffective in failing to object to the unsworn and unsupported paragraphs in the PSR relating to Petitioner's alleged molestation of family members, to the unsworn testimony at the

sentencing hearing, and to the ultimate 5-level enhancement based on this alleged misconduct because it was not supported by the preponderance of the evidence.

**GROUND FOUR**

**COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE FIVE-LEVEL ENHANCEMENT BECAUSE THERE WAS NO PROOF OF TWO INCIDENTS OF DIRECT CONTACT**

(a.)Supporting Facts:

Even assuming *arguendo* that the unsworn statements of two alleged victims regarding irrelevant conduct would normally be sufficient to justify a 5-level enhancement under U.S.S.G. § 2G2.2(b)(5), in the instant matter the unsworn statements were still deficient because only one of the alleged victims alleged any sort of under the clothing contact. This does not establish the necessary pattern of misconduct. Because counsel failed to recognize and object to the enhancement on this ground, he was ineffective.

**GROUND FIVE**

**NEITHER COUNSEL OR THE COURT ADVISED PETITIONER REGARDING HIS SENTENCE EXPOSURE**

(a.) Supporting Facts:

While Petitioner was advised in both the plea itself and at the plea hearing about the maximum possible sentence he faced under each count, he was never adequately advised that these sentences could be run consecutively. (R:100, pp. 11-14; R:48, ¶ 2). Upon information and belief, neither counsel nor the court advised Petitioner regarding the possibility that his sentence could run consecutively to achieve a

sentence within the applicable guideline range, exposing him to a maximum total of 30 years rather than 20 years. Therefore, as an average lay person, Petitioner reasonably believed that he faced a maximum sentence of 20 years because the plea court and the plea outlined that as the upper end of the possible sentence he was facing. Because Petitioner would not have accepted the sentence had he known about his real maximum sentence exposure, counsel was ineffective in failing to properly advise Petitioner of his due process rights, as he was not advised of his rights under Rule 11 in plea court.

(b.) Petitioner appealed from the judgment of conviction; however, the issue was not raised due to ineffective assistance of counsel.

(c.) This issue was not raised in any other post-conviction motion, petition or application.

**GROUND SIX**

**COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE 2-LEVEL ENHANCEMENT UNDER U.S.S.G. § 2G2.2(b)(3)(f) AS DOUBLE COUNTING**

(a.) Supporting Facts:

Under the PSR, Petitioner's offense level was adjusted upward 2-levels because the offense involved "the distribution of child pornography." Petitioner, however, was charged and convicted of distribution of child pornography and, therefore, this enhancement counted as impermissible double counting as this same conduct was used to calculate his base level offense. Counsel was ineffective in failing to object to this enhancement.

(b.) Petitioner appealed from the judgment of conviction; however, the issue was not raised due to ineffective assistance of counsel.

(c.) This issue was not raised in any other post-conviction motion, petition or application.

**GROUND SEVEN**

**COUNSEL WAS INEFFECTIVE WHEN HE EFFECTIVELY BECAME AN ADVOCATE FOR THE GOVERNMENT AT SENTENCING**

(a.) Supporting Facts:

While Petitioner does not, and cannot, dispute that his attorney undertook some steps to advocate for him during this case, this advocacy came to an abrupt halt when counsel essentially abandoned Petitioner and began advocating for the government at sentencing. Specifically, at sentencing, counsel said things such as:

- These are most difficult times, Your Honor, because I am the voice for Mr. Harnois, and I applaud and I give great credence to those that are victims in these types of cases. And it's awfully difficult to listen to his nieces come before this Court and have the courage to tell you how this man has impacted their lives … I'm a father. I have a daughter. I have my sons. And this is extremely emotional. (R:101, pp. 18-19);

- Well, apparently it all took place within the family. And clearly the family is very well

separated and divided. And that's troubling,
obviously, for the past 20 years to have discord
of that amount, of the quantity, of that quality.
(R: 101, p. 19);

- He presents with schizotypal personality
disorder. I don't know what that necessarily
means, Your Honor, but it's not good. (R:101, p.
22);

- He's got problems, judge. (R:101, p. 26).

(b.) Petitioner appealed from the judgment of
conviction; however, the issue was not raised due to
ineffective assistance of counsel.

(c.) This issue was not raised in any other post-
conviction motion, petition or application.

**GROUND EIGHT**

**COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE ANTIQUATED
SENTENCING ENHANCEMENTS UNDER U.S.S.G. § 2G2.2 OR TO ADDRESSS
MITIGATION RELATED TO THE UNIQUE PROBLEMS THESE ISSUES PRESENT
UNDER THE GUIDELINES**

(a.) Supporting Facts:

Numerous cases throughout the federal court system have addressed
the draconian affect of the child pornography guidelines recognizing
that these issues are ripe for review and objections by counsel. For
example, while Petitioner does not dispute that the offense involved
the use of a computer, every case involving the possession or

distribution of child pornography now involves the use of the computer and, therefore, this enhancement is antiquated and contemplated by the very crime for which Petitioner was convicted. Counsel, however, failed to object to this antiquated enhancement and he was, therefore, ineffective.

(b.) Petitioner appealed from the judgment of conviction; however, the issue was not raised due to ineffective assistance of counsel.

(c.) This issue was not raised in any other post-conviction motion, petition or application.

## GROUND NINE

**COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO PETITIONER'S SENTENCE AS SUBSTANTIVELY UNREASONABLE**

(a.) Supporting Facts:

As is discussed in detail in the above issues, the application of many of the enhancements under U.S.S.G. § 2G2.2 is automatic in almost every case, resulting in a substantively unreasonable sentence. In the instant matter, most of these enhancements applied despite the fact that Petitioner was not alleged to have been one of the worst types of offenders - those who manufacture child pornography or sell it for pecuniary gain - resulting in a disproportionately severe sentence. Counsel, however, failed to properly object to this sentence and he was, therefore, ineffective.

(b.) Petitioner appealed from the judgment of conviction; however, the issue was not raised due to ineffective assistance of counsel.

(c.) This issue was not raised in any other post-conviction motion, petition or application.